TORRUELLA, Circuit Judge,
(Concurring).
I join the majority in holding that AED-PA’s deferential standard of review con *58 trols in this case. 28 U.S.C. § 2254(d). I also agree with the majority that reversal of the district court’s grant of relief in this case is proper. I write separately to clarify my view that the panel’s decision should not be interpreted to endorse the position that a state court decision that fails to expressly identify the relevant federal claim should necessarily be considered an adjudication on the merits for AEDPA purposes.
Petitioner Jason Clements claims that his Sixth Amendment right to a fair trial was violated when the state trial court invaded the province of the jury and coerced a guilty verdict. The Massachusetts Appeals Court affirmed Petitioner’s conviction and rejected his claim that the trial court judge coerced the jury into returning a guilty verdict when she conducted an individual voir dire of jurors to investigate a claim of juror bias. In its decision, however, the Appeals Court failed to specify whether it was considering Petitioner’s Sixth Amendment claim, a similar claim under the Massachusetts Constitution, or both. Instead, the Appeals Court cited the Supreme Judicial Court of Massachusetts’ decision in Commonwealth v. Laguer, where the Supreme Judicial Court relied on the right to “a fair trial by a panel of impartial ‘indifferent’ jurors,” Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), to hold that the convicted petitioner in that ease was entitled to an evidentiary hearing in which the court would evaluate evidence of potential juror bias. 410 Mass. 89, 571 N.E.2d 371 (1991).
As the majority explains, the Appeals Court adjudicated petitioner’s claims on substantive grounds when it concluded that the trial judge “was not coercive, did not attempt to influence [the jurors’] judgment, and in no way intimated to the jurors that she agreed or disagreed with their positions.” Commonwealth v. Clements, 51 Mass.App.Ct. 508, 747 N.E.2d 682, 694 (2001). Thus, we are not faced in this case with a state court denial of a federal claim on procedural grounds. Likewise, we are not dealing with a state court decision that summarily denied the claims without discussion.
Notwithstanding, the determination that the Appeals Court issued a decision on non-procedural grounds does not automatically trigger AEDPA’s deferential standard of review. The majority correctly identifies this distinction and engages in an analysis of the decision rendered by the Appeals Court in order to ensure that the state court addressed the federal claim on the merits. In my view, however, the panel tests the limits of our precedent in this area when it accepts the proposition that summary adjudications by state courts may nevertheless merit AEDPA deference because, as the majority opinion claims, “AEDPA’s trigger for deferential review is adjudication, not explanation.”
When exercising review of a habeas petition, AEDPA requires federal courts to determine, as a threshold matter, whether the state court adjudicated the federal claim on the merits. Only after this threshold determination is made, does AEDPA’s deferential standard of review demand respect for state court judgments and require federal courts to assess the reasonableness of the state court’s outcome, not its reasoning. DiBenedetto v. Hall, 272 F.3d 1, 6 (1st Cir.2001) (holding that “when the state court has addressed the federal constitutional issue, it is its ultimate outcome, and not its rationalization, which is the focus”). But where the state court opinion fails to explicitly address the constitutional claim, no deference to the state court is warranted precisely because we have no basis to assess the reasonableness of the state court’s holding.
*59 Thus, the threshold determination of whether the state court addressed the federal claim on the merits requires us to examine the state court’s reasoning, not merely its outcome.
In my view, this panel’s decision should not be read to merge the threshold determination of whether the state court addressed the federal claim on the merits with the scope of our review once it is determined that AEDPA deference is appropriate. These are two distinct inquiries that we must keep separate in assessing the scope of our review in federal habeas cases.
A review of the Appeals Court’s decision in the context of Petitioner’s jury coercion claim reveals that the court directly addressed Petitioner’s “contention [that] the trial judge ... invade[d] the autonomy of the jurors’ deliberations.” Clements, 747 N.E.2d at 694. Although the Appeals Court did not expressly mention the relevant federal law, it relied on state court precedent that in turn discussed the Sixth Amendment right to a trial by an impartial jury. Additionally, the Appeals Court made no indication that it was making a decision on the sole basis of state law. Construing the Appeals Court’s decision in the context of Petitioner’s Sixth Amendment claim, I agree with the majority that the Appeals Court addressed Petitioner’s federal claim on the merits. The language employed by the Appeals Court in analyzing Petitioner’s claim and its reliance on a Massachusetts case that expressly expounded the guarantee to an impartial jury, provide a clear and reliable basis to conclude that there was an adjudication on the merits.
I must emphasize, however, that the panel’s decision should not be interpreted as endorsing the view that recursive citations to state case-law necessarily provide a reliable basis to conclude that the state court addressed a federal claim on the merits. This court has explicitly declined to apply AEDPA review where the state court failed to address the federal claim. Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir.2001); Brown v. Maloney, 267 F.3d 36, 40 (1st Cir.2001) (applying de novo review where the state court’s decision failed to address the federal claim that was raised for the first time on rehearing and clarifying that de novo review controlled given the absence of reasoning in the state court’s decision). Thus, in assessing whether a state court adjudicated a federal claim on the merits there should be a clear and articulable indication that the state court addressed the claim. Although the language employed by the Appeals Court and its reliance on a state case that included an explicit reference to the Sixth Amendment right to a trial by an impartial jury is enough to conclude there was an adjudication on the merits in this case, I must caution that the panel’s decision should not be read to adopt a steadfast rule that mere citation to state case law warrants the conclusion that an adjudication on the merits was made for AEDPA purposes.
In exercising habeas review we do not require state courts to employ particular language, or to include explicit citations to federal case-law in their decisions. Coleman v. Thompson, 501 U.S. 722, 739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(“We encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest, but we will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim.... ”). However, we should have a clear and articulable basis to conclude that the state court addressed the federal claim. The importance of this require *60 ment is heightened by the fact that once AEDPA’s deferential review is held to apply, we are required to gauge the reasonableness of the outcome in the context of the federal law the state court applied to the facts of the case. See Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(explaining that a state court decision amounts to an unreasonable application of clearly established Supreme Court precedent if it “identifies the correct governing legal principle from [the] Court’s decisions but unreasonably applies that principle to the facts of the prisoner’s case”).
As a postscript, I must stress that although AEDPA’s deferential standard of review discourages federal review of issues that were addressed by the state courts on the merits, AEDPA did not deprive state prisoners of their right to seek review in federal court of their constitutional claims. See Washington v. Schriver, 255 F.3d 45, 62 (2d Cir.2001) (Calabresi, J. concurring) (discussing the legislative history and purposes behind AEDPA and 28 U.S.C. § 2254(d)(1)). In order to ensure that state prisoners receive vigorous review of their unadjudicated federal claims, we should require a clear and articulable showing that the federal claim was addressed on the merits.